**FILED & ENTERED**

FEB 12 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>BESORAT INVESTMENTS, INC.,<br><br><br><br><br><br>                    Debtor. | Case No.: 1:19-bk-10202-VK<br><br>Chapter 11<br><br>**ORDER SETTING HEARING ON STATUS OF CHAPTER 11 CASE AND REQUIRING REPORT ON STATUS OF CHAPTER 11 CASE**<br><br>Date:  March 14, 2019<br>Time:  1:00 p.m.<br>Place: Courtroom 301<br>           21041 Burbank Blvd.<br>           Woodland Hills, CA 91367 |

   PLEASE TAKE NOTICE that pursuant to 11 U.S.C. § 105(d), the Court will conduct a status conference in the above captioned case at the place and time set forth above, which status conference may be continued from time to time, without further notice.  The purpose of the conference is to further the expeditious and economical resolution of this case.

   CERTAIN PARTIES ARE REQUIRED TO ATTEND, AS SET FORTH BELOW.  ALL INTERESTED PARTIES ARE INVITED TO ATTEND, BUT NEED NOT DO SO.

PLEASE TAKE FURTHER NOTICE that, based upon the Court's records and evidence presented at the conference, the Court may take any of the following actions at the conference (or at any continued conference) without further notice:

1. Dismiss the case;
2. Convert the case to one under another chapter;
3. Order the appointment of a chapter 11 trustee;
4. Set deadlines for filing of a proposed plan and disclosure statement by the debtor or any other interested party;
5. Fix the scope, format and service of the notices to be provided regarding the various matters to be considered in this case;
6. Provide that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan;
7. Set a deadline for confirming a plan;
8. Set deadlines for compliance with reporting and other chapter 11 debtor in possession requirements;
9. Set deadlines for filing proofs of claim, objections to claims and/or requests for payment of administrative expenses;
10. Set deadlines for assuming, assuming and assigning or rejecting executory contracts and unexpired leases;
11. Adopt special procedures for managing adversary proceedings, contested matters and such other matters as may aid in the process of this case; and/or
12. Refer matters to mediation.

PLEASE TAKE FURTHER NOTICE that, whether the debtor files its schedules and statements using the 100 series (for individual debtors) or the 200 series (for non-individual debtors), the forms are mandatory and must be executed under penalty of perjury. Any disclaimers, reservations, caveats, general notes or exceptions that debtors or their counsel may append to or include in such forms are ineffective to alter the duty of care or the level of detail

required in connection with the preparation of these forms and do not create or preserve any rights that would not otherwise have existed in the absence of such language.

IT IS HEREBY ORDERED that the debtor's counsel must be present at the status conference; so should counsel for the official committee of unsecured creditors (if a committee has been appointed) and counsel for the United States Trustee. Any other interested parties may also appear and address the items described above.

IT IS FURTHER ORDERED that **at least fourteen (14) days before the status conference**, the debtor must: (a) file with the Court a Case Status Conference Report **and (b) serve the Case Status Conference Report on the United States Trustee, all secured creditors, the official committee of unsecured creditors and its counsel (or on the twenty largest unsecured creditors if no committee has been appointed), and all other official committees.** Unless the Court orders otherwise upon request, the debtor must use the forms of bar date order and notice posted on the Court's website, located at www.cacb.uscourts.gov, under "Local Rule Forms," F 3003-1.ORDER.BARDATE and F 3003-1.NOTICE.BARDATE. The debtor must timely serve "Judge's Copies" in accordance with Local Bankruptcy Rule 5005-2(d) and provision 2.5 of the Court Manual.

IT IS FURTHER ORDERED that the Case Status Conference Report **MUST BE SUPPORTED BY EVIDENCE** in the form of declarations and supporting documents and should include the following:

1. A brief description of the debtor's business, if any, and the principal assets and liabilities of the estate;
2. A brief description of the events that led up to and caused the filing of this case;
3. A brief answer to each of these questions:
    a. is the debtor in full compliance with 11 U.S.C. § 521, § 1107 and, if this is a small business case, § 1116, Rule 1007 of the Federal Rules of Bankruptcy Procedure, and all applicable guidelines established by the United States Trustee;

///

      b.    is the debtor using cash that any party claims as its cash collateral and, if so, on what date(s) did the debtor obtain an order authorizing the use of such cash or the consent of such party;

      c.    is the debtor a small business debtor as that term is defined in 11 U.S.C. § 101(51D);

      d.    does this case qualify as a single asset real estate case as that term is defined in 11 U.S.C. § 101(51B);

      e.    what are the principal business, financial and legal disputes or problems to be resolved in this case;

      f.    when does the debtor anticipate resolving them; and

      g.    what is the best method to resolve those disputes or problems expeditiously and cost-effectively.

4.    Identification of all professionals retained by or intended to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the date on which orders were entered in response to such applications, if any, and a general description of the types of services to be rendered by each or the purpose of the employment;

5.    Evidence regarding the debtor's actual income, expenses and cash flow for the last six months preceding the filing of this case on a month by month basis;

6.    Provide a budget of the debtor's projected income, expenses and cash flow for the first six months of this case on a month by month basis;

7.    Discuss any significant unexpired leases and executory contracts to which the debtor is a party and the debtor's intentions with regard to these leases and contracts; and

8.    Proposed deadlines for filing:

      a.    proofs of claim; and

      b.    plan of reorganization (or liquidation) and disclosure statement.

///

IT IS FURTHER ORDERED that, **no later than one week preceding the date of the status conference**, the debtor must file with the Court a proof of service regarding the Case Status Conference Report.

###

Date: February 12, 2019

Victoria S. Kaufman
United States Bankruptcy Judge